UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| VASSIL M. MARINOV, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 4:18-CV-56-TLS-JEM |
| | ) | |
| FIAT CHRYSLER AUTOMOTIVE, | ) | |
|     Defendant. | ) | |

**ORDER**

This matter is before the Court on a number of discovery-related Motions filed by Plaintiff Vassil Marinov, *pro se*. A hearing was held on October 10, 2019, at which the Court discussed several of the motions, noted that not all discovery responses had been placed on the docket and ordered Defendant to file all of its discovery responses. On October 17, 2019, Defendant did so, and also filed a response to Plaintiff's discovery-related motions.

In a motion filed on June 17, 2019 [DE 49], Plaintiff indicates that there is some discrepancy between the name Defendant used to identify itself to Plaintiff in the course of his employment and the name provided in the Answer and initial disclosures, and asks the Court to require "Defendant to submit documents from their registration of its legal name." The Court finds that Defendant has provided its legal name in its Answer and initial disclosures. If Plaintiff requires more information about the structure of the Defendant, a limited liability company, he may present additional discovery requests to Defendant, but is reminded that any requests must be reasonably related his case.

A number of other documents were titled Motion but are more properly understood as objections to discovery requests made by Defendant [DE 54, 55, and 56]. They are not before the

1

Court as motions, and to the extent that Defendant wishes the Court to order Plaintiff to respond despite his objections, it may so request in a motion to compel.

Defendant has also filed two requests for extensions of discovery-related deadlines. The first, [DE 58], was addressed at the October 10, 2019, status conference, at which the Court reaffirmed the current deadlines. On October 28, 2019, in [DE 68], Plaintiff requested an extension of the deadline to provide a list of witnesses to the Court, explaining that because of when he received information from Defendants, he was unable to assemble a list of witnesses before the October 27, 2019, deadline. However, there is no October 27, 2019, deadline on the docket. At this stage of the case, there is no requirement to provide a list of all fact witnesses until 30 days prior to trial. *See* Fed. R. Civ. P. 26(a)(3)(B). Accordingly, this request is moot. The next deadline in this case is November 22, 2019, which is the deadline for Plaintiff to provide his expert witness reports, if any, and if he needs an extension of that deadline he may orally request it at the status conference scheduled for November 21, 2019.

The Court now turns to the motions to compel. The first of Plaintiff's motions to compel, [DE 48], was filed less than thirty days after Plaintiff made the discovery request. Federal Rule of Civil Procedure 34 allows the respondent 30 days after the discovery request is served to respond in writing to that request, Fed. R. Civ. P. 34(a)(2)(A), making this motion premature.

Plaintiff also filed a motion requesting that Defendant be sanctioned for failing to comply with the requirement that it respond to discovery [DE 57]. As discussed at the hearing on October 10, 2019, Defendant provided its discovery responses to Plaintiff, and as ordered by the Court at that hearing, Defendant filed all of its discovery responses on the docket on October 17, 2019. Because Defendant did provide the information requested by Plaintiff, and, as described above, there is no

2

indication that the responses were untimely, there is no failure of Defendant to comply with its legal obligations that would warrant sanctions.

Plaintiff also filed a motion [DE 53] in which he appears to be seeking to compel certain categories of information that were not included in Defendant's responses, and clarified some of his requests in a reply brief filed after Defendant responded. Pursuant to Federal Rule of Civil Procedure 26, the scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* Fed. R. Civ. P. 37(a). The party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat'l Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when determining matters related to discovery. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993).

Plaintiff asserts that there are several categories of documents he has not received. First, he argues that Defendant has not provided reports of the money taken from his salary and given to the Union. Defendant provided all of Plaintiff's pay stub information, which includes after-tax deductions of union dues. Accordingly, it appears that Defendant has responded to this request, and

3

if it is not the information Plaintiff is seeking, he is encouraged to work with Defendant to explain what information he needs.

Plaintiff also argues that he has not received "copies of accounting reference for FCA net profit for 2018 year." Defendant argues, and the Court agrees, that the request is ambiguous, and to the extent that Plaintiff is seeking financial information about Defendant as a whole, that is outside the scope of this case.

Plaintiff argues that Defendant has not fully responded to his request for a list of documents including his personal data that were given to third parties. Defendant argues that this request is unclear and unambiguous, and states that it has provided his pay stubs, including Defendant's personal information. It appears that Plaintiff is not seeking his actual data, but rather a list of times that his personal data was provided by Defendant to other entities and a description of what information was provided. To this extent, his motion to compel is granted, and Defendant is ordered to supplement its responses to include a list of what personal data of Plaintiff it provided to third parties, excluding tax-related information provided to government entities.

Plaintiff argues that he has not received information about potential witnesses that is in the custody and control of Defendant. Defendant responded that it has provided information about the witnesses it intends to call. To the extent that Plaintiff is seeking the identity of other people who work for Defendant and may have information about his case, he has leave to request this information from Defendant, with specificity as to what information he is seeking and how it relates to the claims in his Complaint. Plaintiff is reminded that although the scope of discovery is broad, he may only obtain information that is relevant to this case, and within the relevant time period.

4

Accordingly, as described above, the Court hereby **DENIES as moot** the Motions at [DE 48, 49, 57, 58, and 68]. The Court finds that the documents at[ DE 54, 55, and 56] are not motions and **DIRECTS** the Clerk of Court to indicate on the docket that they are discovery responses rather than motions. The Court **GRANTS in part and DENIES in part** the Motion to Compel [DE 53] as described above, and **ORDERS** Defendant to supplement its responses accordingly. The Court finds that because of the difficulties in communication in this case, as discussed at the October status conference, and the fact that Defendant has attempted to respond to all of Plaintiff's discovery requests, an award of expenses under Federal Rule of Civil Procedure 37(a)(5)(C) would not be appropriate.

The Court **REMINDS** the parties of the need to file all discovery on the docket, including discovery requests and responses, in accordance with Northern District of Indiana Local Rule 26-2.

The Court **REAFFIRMS** the status hearing set for **November 21, 2019, at 1:00 p.m.** (Central Time), at which time it will take up any necessary requests for discovery extensions. The Court **REMINDS** Plaintiff Marinov that he must be present at the status conference, **in person**, with an interpreter.

SO ORDERED this 15th day of November, 2019.

    s/ John E. Martin  
    MAGISTRATE JUDGE JOHN E. MARTIN  
    UNITED STATES DISTRICT COURT

cc:    All counsel of record  
       Plaintiff, *pro se*