UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| VASSIL M. MARINOV, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18-cv-56 |
| ) | 4:18-cv-75 |
| FIAT CHRYSLER AUTOMOTIVE ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

TO:   THE HONORABLE THERESA L. SPRINGMANN
       UNITED STATES DISTRICT COURT

This matter is before the court *sua sponte* in an effort to end an abuse of the judicial process that has been occurring for three years.

The plaintiff, Vassil M. Marinov, has filed four separate lawsuits against two defendants, Fiat Chrysler Automotive U.S. LLC (FCA) and United Auto Worker (UAW) (4:18-cv-56; 4:18-cv-59; 4:18-cv-75; 4:18-cv-80). These cases have been consolidated for discovery purposes.

Marinov is of Russian decent, and English is not his primary language. He has been proceeding *pro se* and has attempted to use his lack of familiarity with the American court system, the language barrier, and his *pro se* status as an excuse for his refusal to comply with court orders and his abuse of the discovery process. Marinov has disregarded repeated efforts by this court to explain his obligations under the Federal Rules of Civil Procedure. A dismissal of his cases is the only viable option.

Marinov's employment by FCA forms the basis for his lawsuits. As an FCA employee, Marinov was required to join the union. Under the collective bargaining agreement, union dues were deducted from his paycheck. Marinov has challenged the compulsory union membership with the union dues as a violation of his religious beliefs.

This case has been plagued by discovery problems relating to the production of documents. There is no dispute that the defendants have responded to Marinov's original discovery requests. The problems stem from the fact that Marinov has refused to accept the defendants' responses. Every response that the requested documents do not exist has been met by an attack on the credibility of the defendants and their attorneys. Because Marinov believes that the documents in fact exist, he has objected to the defendants' responses and has made repeated requests for the same documents. In fact, Marinov has filed approximately 80 objections or discovery requests.

Prior to February 1, 2021, Marinov was given four separate warnings concerning his abusive behavior. [DE 118 in 4:18-cv-56; DE 62 in 4:18-cv-75; DE 119 in 4:18-cv-56; DE 141 in 4:18-cv-59; DE 129 in 4:18-cv-56]. Marniov then filed a Motion for Clarification, and the court responded with another warning:

> Because Marinov is proceeding pro se, the court will attempt to clarify the previous orders. However, the pending motion is an example of what the three previous orders intended to prevent. Marinov is unwilling to accept an adverse ruling from the court. Even if he disagrees with the ruling, he must understand that the ruling is final. He cannot object to it or file the same motion a second (or third) time. If an attorney for the defendant, as an officer of the court, states that certain documents do not exist, Marinov must accept that representation. He cannot make additional requests for evidence which does not exist.
>
> The court has no intention of restricting the right of Marinov to prepare and present his case. However, a disagreement with a ruling by the court or a pleading filed by an attorney is not a license to file additional pleadings. There is a difference between advocacy and stubbornness. Advocacy is permitted, but stubbornness will be sanctioned.

[DE 133 in 4:18-cv-56; DE 149 in 4:18-cv-59; DE 76 in 4:18-cv-75].

Undeterred, Marinov continued to file a series of motions and objections. On February 18, 2021, Marinov was sanctioned $100.00 a piece for seven separate motions. [DE 135 in 4:18-cv-56; DE 157 in 4:18-cv-59; DE 78 in 4:18-cv-75]. On February 24,

2021, Marinov was sanctioned $500.00 for another frivolous motion. [DE 163 in 4:18-cv-59]. On March 1, 2021, Marinov again was sanctioned $1,000.00 for a similar abusive pleading. [DE 140 in 4:18-cv-56; DE 166 in 4:18-cv-59; DE 85 in 4:18-cv-75]. Marinov was granted until April 5, 2021 to pay the sanctions totaling $2,300.00. To date, only $1,200.00 has been paid.

Because the question of Marinov's compliance with the sanction orders was uncertain, this court entered another order on March 9, 2021: "[t]he plaintiff is **ORDERED** to refrain from filing motions until further notice of this court." [DE 147 in 4:18-cv-56; DE 176 in 4:18-cv-59; DE 92 in 4:18-cv-75]. This order was served on Marinov on March 11, 2021. After being served with the order, Marinov filed 15 new motions.

**Federal Rule of Civil Procedure 39(b)(2)** lists the options available to the court when a party fails to comply with a court order. The most drastic is "dismissing the action or proceeding …" **Rule 37(b)(2)(A)(v)**. It is undisputed that Marinov repeatedly has violated court orders.

The Seventh Circuit has recognized that dismissing a lawsuit is a drastic sanction and should not be imposed unless lesser sanctions have failed. ***Domanus v. Lewicki***, 742 F.3d 290, 301 (7th Cir. 2014). Additionally, *pro se* parties must comply with the federal rules, but their *pro se* status should be considered in determining the appropriate sanction. ***Lee v. Wal-Mart Stores***, 1994 WL 899240, at *1 (N.D. Ind. Apr. 12, 1994).

After repeated warnings, this court, at Marinov's request, explained which pleadings were not appropriate. When more violations occurred, monetary sanctions were imposed. The violations continued, and the sanctions have not been paid in full. Finally, Marinov has violated the March 9, 2021 order instructing him to not file any additional

pleadings. Marinov has demonstrated a contempt for the judicial process, and dismissal of the lawsuits is the appropriate sanction.

Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. ***Willis v. Caterpillar, Incorporated***, 199 F.3d 902, 904 (7th Cir. 1999); ***Johnson v. Zema Systems Corporation***, 170 F.3d 734, 739 (7th Cir. 1999); ***Hunger v. Leininger***, 15 F.3d 664, 668 (7th Cir. 1994); ***The Provident Bank v. Manor Steel Corporation***, 882 F.2d 258, 260-61 (7th Cir. 1989); ***United States v. Johnson***, 859 F.2d 1289, 1294 (7th Cir. 1988); ***Lebovitz v. Miller***, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

Marinov is **WARNED** that he may file ONE and ONLY ONE pleading in response to this Recommendation. That pleading should address the issues relating to the dismissal of the lawsuits. After that ONE pleading has been filed, Marinov may not file any additional pleadings until after the district judge has ruled on this Recommendation. Marinov is **WARNED** that sanctions will be imposed if any pleadings are filed in violation of this order. Additionally, the district judge is entitled to consider pleadings filed in violation of this ORDER as further evidence of contemptuous conduct.

ENTERED this 9th day of April, 2021.

/s/ Andrew P. Rodovich
United States Magistrate Judge